D. Ormonde Ritchie, J.
In this motion the infant plaintiff seeks an order relieving him from the provisions of the applicable Statute of Limitations providing for service of a verified complaint within the statutory period (Administrative Code of City of New York, § 394a-1.0) and to strike out of the defendant’s answer the affirmative defense that the action was not commenced within the statutory period. The chronological history of the proceedings in this action is as follows: On November 14,1952, the accident occurred out of which the claim arose; on January 30, 1953, a claim was filed on behalf of the infant plaintiff; on March 4, 1953, counsel was retained to prosecute the action; in April, 1953, a guardian ad litem was appointed; on September 28, 1953, a preliminary hearing on the infant plaintiff’s claim was held; on July 29,1954, a summons and verified complaint was served upon the corporation counsel; on October 8, 1954, an answer and demand for a bill of particulars was served and on September 12, 1955, a note of issue filed and served. It is apparent therefore that the action was prosecuted with reasonable diligence. Although the answer containing the affirmative defense of the Statute of Limitations was served on October 8, 1954, and no steps taken in regard thereto were made until May of 1957, plaintiff’s counsel excuses the delay by setting forth his appointment as a third deputy police commissioner of the City of New York and the continuance of his practice by clerks and assistants during the interim of his appointment. He states that the answer when served was placed in the file on the case by one of the secretaries in the office and that the affirmative defense of the Statute of Limitations was not brought to his attention until an examination was made of the file preliminarily to a pretrial hearing scheduled for May 8,1957. Under all the circumstances, the court is of the opinion that the motion insofar as it seeks to relieve the infant plaintiff from the provisions of the Statute of Limitations and striking the affirmative defense from the answer should be and is granted. Under section 50-e of the General Municipal Law, an infant is permitted one year in which to file a notice of claim against a municipality. The purpose of the section is to permit the defendant municipality to make immediate investigation of the facts attendant upon the accident out of which the claim arises and is designed for the protection of the municipality against stale claims and those difficult to investigate by reason of lapse of time. Otherwise municipalities would be placed in the position of making belated inquiries as to the facts and deprived of an opportunity to marshal evidence promptly. Since the section is designed to relieve the municipality from such abuses *346 and yet permits the filing of a claim on behalf of an infant within one year, certainly the court under circumstances such as here presented may relieve an infant plaintiff of his failure to serve a summons and complaint within the statutory period where all other preliminary steps necessary to the prosecution of his claim have been timely taken.